RENDERED: AUGUST 18, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0914-MR

BOURBON HAUS 1841, INC.; DAVID
BRUMFIELD; AND TAMMY
BRUMFIELD                                                          APPELLANTS


                        APPEAL FROM KENTON CIRCUIT COURT
v.                      HONORABLE MARY K. MOLLOY, JUDGE
                        ACTION NO. 22-CI-00332


JKB PROPERTIES, LLC                                                  APPELLEE


                              OPINION
                             AFFIRMING

                          ** ** ** ** **

BEFORE: DIXON, GOODWINE, AND KAREM, JUDGES.

KAREM, JUDGE: Appellants, Bourbon Haus 1841, Inc., David Brumfield, and

Tammy Brumfield appeal the Kenton Circuit Court Order granting Appellees, JKB

Properties' Motion to Enforce Settlement Agreement. Having reviewed the record

and finding no error, we affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

JKB Properties, LLC ("JKB") owned property at 522 Main Street, Covington, Kentucky, 41011. In January 2017, it entered into a lease of commercial space within the property to Bourbon Haus 1841, Inc., Tammy Brumfield, and David Brumfield (collectively, "Appellants"). Appellants' tenancy was subject to a written lease with an initial one-year term commencing on January 15, 2017, and ending on January 15, 2018.

After the one-year term's expiration, the lease gave Appellants the right and option to extend the lease for a further period of one (1) to five (5) years. Appellants could only exercise such right and option after providing at least thirty (30) days written notice to JKB of their intent to do so. The lease went on to state as follows:

> In the event [Appellants] remain[] in the possession of the demised premises after the term of this lease without exercising the extension option, he shall be deemed a tenant from month[-]to[-]month only, with the express understanding that the month[-]to[-]month rental rate shall be $1,500.00 and shall be governed in all other things except as to the duration of the term by the provisions of this lease.

The lease also contained the following provision regarding fixtures:

> All additions, fixtures, improvements and repairs, except free[-]standing structure, made upon the premises by [Appellants] are thereafter the property of [JKB] except those which are mutually agreed upon in writing to be

-2-

[Appellants], and which are removable without damage to the premises.

Finally, the lease stated that "[Appellants] shall upon termination of this Lease by lapse of time or otherwise surrender up and deliver the premises together with all improvements made thereon by [Appellants.]"

Appellants failed to exercise the lease's extension option, and the tenancy thus converted to month-to-month. The tenancy continued this way until early January 2022, when JKB decided to sell the property to another party. JKB wrote a letter to Appellants on January 14, 2022, indicating that JKB was exercising its right to terminate the monthly tenancy.

Thereafter, Appellants failed to surrender the leased premises, and JKB filed a forcible detainer action in district court against Appellants. While the forcible detainer case was pending, Appellants filed this action against JKB in circuit court seeking a temporary restraining order and to preliminarily enjoin their impending eviction.

At the beginning of the hearing on those motions on March 8, 2022, the parties advised the court that they wished to attempt to resolve the matter through negotiation discussion, and the court permitted a recess for such discussions. Thereafter, on the record and with both parties present, each party's counsel stated that the parties had reached a settlement and would tender a written agreement soon.

However, before the parties could tender a written agreement to the court, Appellants dismissed their prior attorney, engaged new counsel, and disputed the settlement agreement's existence.

JKB subsequently moved to enforce the parties' oral settlement agreement. Notably, JKB's attached memorandum outlined the terms of the oral agreement which Appellants, in their response, did not question. The basis for Appellant's objection to the enforcement of the agreement revolved around the issues of mutual assent and the existence of consideration. The circuit court held a hearing on April 18, 2022, where the parties could present oral arguments or evidence regarding the enforcement motion. JKB came prepared to offer the testimony of the Appellants' former counsel, who was present during the March 8 hearing and would validate the existence and terms of the agreement. The circuit court, however, found that it already had adequate evidence of the parties' agreement based on the pleadings and granted JKB's motion to enforce the settlement agreement in an order dated May 11, 2022.

Specifically, the circuit court found that the oral contract contained the following terms: Appellants would vacate the premises by September 8, 2022; Appellants would continue to pay $1200.00 per month rather than $1500.00 as discussed under the lease; and Appellants would comply with the terms of the lease and leave certain fixtures and improvements at the property upon vacating.

Appellants subsequently filed a motion for the circuit court's reconsideration of its order, and the circuit court held a hearing on this motion on June 20, 2022. The circuit court ultimately denied the motion to reconsider its prior order, and this appeal followed.

We will discuss more facts as they become relevant.

## ANALYSIS

### a. Standard of Review

An appellate court reviews a trial court's findings of fact only for clear error. *Miller v. Eldridge*, 146 S.W.3d 909, 915 (Ky. 2004); *University of Louisville v. Eckerle*, 580 S.W.3d 546, 551 (Ky. 2019) (citation omitted) ("Any finding of fact by the trial court is entitled to deference and will not be disturbed absent clear error."). When reviewing a lower court's interpretation of an oral agreement, the standard of review is *de novo*. *Frear v. P.T.A. Industries, Inc.*, 103 S.W.3d 99, 105 (Ky. 2003).

### b. Discussion

Appellants' first and second assignments of error are substantively identical, with Appellants arguing that the circuit court erred in failing to hold a full evidentiary hearing to determine the terms of the settlement agreement. However, we agree with JKB that the circumstances of this case and the evidence before the circuit court did not require an additional hearing.

Under Kentucky law, oral contracts – including settlement agreements – are typically enforceable, notwithstanding the absence of a signed writing. *Id.* ("[W]e begin with the observation that, under contract law, an oral contract is ordinarily no less binding than one reduced to writing."). Moreover, a court analyzes oral agreements in the same way as it would analyze any other contract. *See General Motors Corp. v. Herald*, 833 S.W.2d 804, 806 (Ky. 1992) (affirming enforcement of a settlement agreement not reduced to a signed, written instrument after analyzing offer and acceptance under ordinary contract law principles). Indeed, a valid oral contract, like a written contract, requires "offer and acceptance, full and complete terms, and consideration." *Coleman v. Bee Line Courier Service, Inc.*, 284 S.W.3d 123, 125 (Ky. 2009).

Nevertheless, Appellants' brief focuses on whether the court erred in failing to hold a specific hearing regarding the contract's terms. However, Appellants have cited no authority requiring an evidentiary hearing to enforce the terms of an oral settlement agreement. Moreover, the court held hearings addressing these issues on March 8, 2022, April 18, 2022, and June 20, 2022. Appellants have provided no competing evidence that would have mandated an evidentiary hearing on the motion regarding the terms of the agreement; nor were they deprived of the chance to put forth additional evidence.

Given the substantial evidence before the circuit court, Appellants cannot show that the circuit court's factual findings on these issues were clearly erroneous. Under these circumstances, the circuit court was not obligated to conduct further evidentiary proceedings. Accordingly, we affirm the circuit court as to Appellants' first two assignments of error.

Finally, Appellants argue that the settlement agreement, as factually found by the circuit court, lacked consideration and was therefore unenforceable. We disagree. Under the lease terms, Appellants were required to surrender the premises upon termination notice of the month-to-month tenancy, and JKB had a legal right to recover the premises. However, under the settlement agreement, JKB allowed Appellants to occupy the premises until September 8, 2022, and continue to run their business. Thus, Appellants benefitted from the extended occupancy to JKB's detriment. *Wallace v. Cook*, 227 S.W. 279, 281 (Ky. 1921) (citations omitted) (stating that there is sufficient detriment where a party has "forborne some legal right which he otherwise would have been entitled to exercise").

Additionally, though the lease required the rent under a month-to-month tenancy to be $1,500, the settlement agreement permitted Appellants to continue paying $1,200, the rate they had been paying as annual tenants. No lack of consideration exists in this case. Accordingly, Appellants' third assignment of error also fails.

## **CONCLUSION**

For the foregoing reasons, we affirm the Kenton Circuit Court's order.

ALL CONCUR.

BRIEF FOR APPELLANTS:

Darrell A. Cox
Covington, Kentucky

BRIEF FOR APPELLEE:

Stephen S. Schmidt
Cincinnati, Ohio